IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL CASTANEDA,

   Plaintiff,

v.            No. CIV 14-0103 RB/LAM

THE CITY OF ALBUQUERQUE,
RAY SCHULTZ, former Chief of Police,
SERGEANT DONNY KEITH, Albuquerque
Police Officer and D. HENSLEY, Albuquerque
Police Officer,

   Defendants.

## MEMORANDUM OPINION AND ORDER

  This matter is before the Court on Defendants' Motion to Stay Proceedings Until Such Time as the Court Decides Pending Motion for Qualified Immunity, filed on August 14, 2015. (Doc. 63.)  Having considered the submissions of counsel and relevant law, the Court will **GRANT** the motion.

**I.**  **Background**

  On January 2, 2014, Plaintiff filed a complaint for damages in the Second Judicial District Court, County of Bernalillo, State of New Mexico. (Doc. 2, Ex. A at 1.) Plaintiff, who has a diagnosis of Attention Deficit Hyperactivity Disorder ("ADHD"), was a student at Grant Middle School in Albuquerque, New Mexico at the time of the incident described in the complaint. (*Id.*, Ex. A at 2.) On December 12, 2008, Plaintiff was scheduled for an In School Suspension ("ISS"), but due to his ADHD, he had forgotten about the ISS and reported instead to his regularly scheduled class. (*Id.*, Ex. A at 3.) Plaintiff alleged that Defendant School Resource

Officer H. Hensley came to Plaintiff's classroom, searched Plaintiff's backpack and pockets, handcuffed Plaintiff with zip ties (causing Plaintiff's fingers to turn blue), and transported Plaintiff to the Juvenile Detention Center. (*Id.*) Defendant Hensley charged Plaintiff with Interference with Members of Staff, Public Official or the General Public pursuant to N.M. Stat. Ann. § 30-20-13D. (*Id.*)

Plaintiff filed his complaint in state court alleging (1) unreasonable seizure and excessive force, arrest, and charging in violation of his Fourth Amendment rights; (2) a deprivation of his liberty interest in violation of his substantive due process rights under the Fourteenth Amendment; (3) a violation of the Americans with Disabilities Act ("ADA") in arresting and charging him with a delinquent act for the manifestations of his disability  in; (4) a violation of the ADA in the lack of accommodation of his disability; (5) battery and false imprisonment in violation of Article 2, Section 10 of the New Mexico Constitution; (6) violations of his rights under Article 2, Section 18 of the New Mexico Constitution; and (7) negligent training and supervision of Defendant Hensley by Defendant Ray Schultz and Defendant Donny Keith. (*Id.*, Ex. A at 4-10.)

On February 6, 2014, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446(a). (Doc. 1.)  In their answer filed on February 13, 2014, Defendants raised the defense that Plaintiff's claims are barred by the doctrine of qualified immunity. (Doc. 6 at 8.) In the Joint Status Report filed on April 29, 2014, Defendants again alleged that Plaintiff's claims are barred by the doctrine of qualified immunity, and they gave notice of their intent to file a motion for summary judgment and a motion to stay discovery "as necessary and appropriate." (Doc. 11 at 4, 8.) Counsel for the parties met with Judge Martinez on May 13, 2014 to discuss discovery needs and scheduling and to set deadlines. (Doc. 12.) Judge Martinez adopted the

parties' Joint Status Report and ordered the parties to complete discovery no later than October 13, 2014.[1] (Doc. 14 at 1.)

On August 15, 2014, Plaintiff filed an Unopposed Motion Resetting Certain Pretrial Deadlines. (Doc. 21.) Because of "summer vacation schedules, other pretrial matters, and trials," Plaintiff asked the Court to extend the deadline for discovery, motions relating to discovery, and to identify expert witnesses and provide expert reports by 60 days. (*Id.* at 1.) The Court granted the motion in part, giving the parties an extra 30 days. (Doc. 22.) Consequently, the discovery deadline was extended to November 12, 2014. (*Id.* at 2.)

Judge Martinez held a status conference with the parties on October 8, 2014 to determine the progress of the case. (Doc. 26.) Because of a death in her immediate family, counsel for the Defendants anticipated filing a motion to extend certain deadlines, including discovery. (*Id.*)  On December 15, 2014, Defendants filed an Unopposed Motion to Extend Case Management Deadlines, asking the Court to extend certain deadlines by approximately six months. (Doc. 32.) Judge Martinez granted the motion and extended several deadlines, including the deadline to complete discovery (extended to May 13, 2015) and the deadline to file pretrial motions (extended to June 15, 2015). (Doc. 33.) On January 12, 2015, the Court rescheduled the Pretrial Conference dates from June 5, 2015 and July 10, 2015 to January 29, 2016 and February 26, 2016, and rescheduled the Jury Selection and Jury Trial from August 17, 2015 to March 28, 2016. (Docs. 35, 36.)

On April 8, 2015, Judge Martinez held another status conference with the parties. (Doc. 38.) Both attorneys reported that they needed to take more depositions but hoped to be finished by the May 13, 2015 deadline. (*Id.*) On June 1, 2015, Defendants filed another Unopposed

---

[1] In the Joint Status Report, the parties agreed on October 10, 2014 as the termination date for discovery. (Doc. 11 at 8.)

Motion to Extend Case Management Deadlines. (Doc. 41.) As grounds for the motion, Defendants explained that counsel schedules prevented taking certain depositions prior to the May 13, 2015 deadline. (*Id.* at 1.) Additionally, counsel for Defendants was scheduled to retire in July 2015, and an extension would allow her successor to review the case. (*Id.* at 1-2.) Defendants requested that the Court extend the deadline for discovery to July 14, 2015, and the deadline for submission of pretrial motions to August 14, 2015. (*Id.*) The Court granted Defendants' motion. (Doc. 42.)

Judge Martinez held a status conference on July 23, 2015. (Doc. 54.) Counsel for Defendants said discovery was complete and that she intended to file a motion for summary judgment based on qualified immunity. (*Id.*) Defendants' new attorney entered his appearance on August 12, 2015 and filed a Motion for Summary Judgment (Including Qualified Immunity) and a Motion to Stay Proceedings Until Such Time as the Court Decides Pending Motion or Qualified Immunity on August 14, 2015. (Docs. 59, 60, 62, 63.)

Plaintiff contends that the purpose of qualified immunity – to protect governmental entities from the burden of litigation – will not be served by staying the case at this point in the proceedings. (Doc. 71 at 2.) Because discovery has ended and pre-trial litigation is complete, Plaintiff argues that a stay "will not shield Defendants from additional litigation" nor serve an "interest in judicial economy . . . ." (*Id.*) Defendants argue that Plaintiff's interpretation of the right to a stay is too narrow.   (Doc. 74 at 2.) Defendants assert that the remaining pretrial preparations represent a "particularly heavy" burden, chiefly because counsel for the Defendants only recently took over defense of the case. (*Id.*) Consequently, "Defendants' newly appointed counsel will have to dedicate significant time and expense to assure he is able to meet the

Court's pre-trial deadlines and to assure he is adequately prepared for trial in the event Defendants' pending dispositive motions are not granted." (*Id.*)

## II.     Legal Standard

"When a defendant moves for summary judgment on the basis of qualified immunity, the burden shifts to the plaintiff to demonstrate, on the facts alleged, that (1) the defendant violated [his] constitutional or statutory rights, and (2) the right was clearly established at the time of the alleged unlawful activity. *Castillo v. Day*, 790 F.3d 1013, 1019 (10th Cir. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).   In other words, "in the light of pre-existing law the unlawfulness [of the official's actions] must be apparent. *Id.* (citations omitted). "If the plaintiff cannot meet either part of this burden, the defendant is entitled to qualified immunity. *Castillo*, 790 F.3d at 1019 (citing *Swanson v. Town of Mountain View*, 577 F.3d 1196, 1199 (10th Cir. 2009)).

The qualified immunity defense recognizes "'the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority.'" *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (citing *Butz v. Economou*, 438 U.S. 478, 506), *quoted in Herrera v. Santa Fe Pub. Sch.*, 2012 WL 6846393 (D.N.M. Dec. 20, 2012), at *4. Qualified immunity grants such officials "an entitlement not to stand trial or face the other burdens of litigation . . . ." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Issues of qualified immunity are best resolved at the 'earliest possible stage in litigation.'" *Herrera*, 2012 WL 6846393, at *4 (quoting *Pearson,* 555 U.S. at 232 (internal quotation marks and citation omitted)).

### III.     Discussion

Defendants are entitled to a stay while awaiting the Court's decision on the issue of qualified immunity. "Qualified immunity protects federal and state officials from liability for discretionary functions, and from 'the unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit.'" *Roybal v. City of Albuquerque*, 2009 WL 1329834, at *10 (Apr. 28, 2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). Plaintiff contends that, because discovery has ended, the policy behind a stay is not served. It is true that "[t]he Supreme Court has suggested that, to avoid unnecessary exposure to burdensome discovery, the preferred practice is for the government officials to move to dismiss the action based on qualified immunity before discovery is ordered." *Herrera*, 2012 WL 6846393, at *5 (citing *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998)). But Plaintiff has not presented, nor has the Court found, authority to suggest that discovery is the *only* burden of litigation qualified immunity protects.[2]

That Defendants did not move for a stay before the close of discovery does not mean they "lost the right to be protected from the burdens of litigation . . . ." *Herrera*, 2012 WL 6846393, at *7. "[T]he policy behind qualified immunity is to protect government employees from suit where they were acting within the constitutional bounds of their official authority." *Id.* (citing *Harlow*, 457 U.S. at 807 (noting that qualified immunity reflects "the need to protect officials who are

---

[2] The Court is aware of at least two cases from the District of Colorado in which courts have denied motions to stay at a stage in the proceedings analogous to the case at bar. *Bastedenbeck v. Zavaras*, No. 08-CV-01841-LTB-BNB, 2010 WL 2650755 (D. Colo. June 30, 2010); *Dalgarn v. Johnson*, No. 09-CV-01887-CMA-BNB, 2010 WL 2232401, at *2 (D. Colo. June 1, 2010) *objections overruled*, No. 09-CV-01887 *CMABNB, 2010 WL 2740090 (D. Colo. July 7, 2010). In *Bastedenbeck* and *Dalgarn*, government officials requested a stay after discovery had ended, but while the parties were awaiting a ruling on a qualified immunity defense. *Bastedenbeck*, 2010 WL 2650755, at *1-2; *Dalgarn*, 2010 WL 2232401, at *2. In both cases, the court denied the stay, noting that the only tasks remaining were those necessary to prepare for trial, and denying the motions would not result in disruption of public official functions. *Bastedenbeck*, 2010 WL 2650755, at *1; *Dalgarn*, 2010 WL 2232401, at *2. In contrast, Defendants request protection from the substantial burdens of litigation that remain in this case. In the absence of binding authority from the Tenth Circuit, however, the Court finds the more efficient course is to grant Defendants' stay.

required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority"). "As the Tenth Circuit has noted, 'if qualified immunity is to mean anything, it must mean that public employees who are just doing their jobs are generally immune from suit.'" *Id.* (quoting *Lewis v. Tripp*, 604 F.3d 1221, 1230 (10th Cir. 2010)). Whether Defendants sought such protection "earlier or later in the case does not lessen the fact that the law provides that protection when" they seek it. *Id.* Without a stay, the parties will need to prepare for trial, spending time and energy that may be unnecessary if Defendants' summary judgment motion is granted.

Moreover, this Court has "'broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Baca v. Berry*, ___ F.3d ____, 2015 WL 7732641, at *4 (10th Cir. Dec. 1, 2015) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "It is well settled that [this C]ourt has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Id.* at *4 (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)). For these reasons, Defendants' motion to stay will be granted.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Stay Proceedings Until Such Time as the Court Decides Pending Motion for Qualified Immunity (Doc. 63) is **GRANTED**. This case is stayed until further order of the Court. This stay does not affect the parties' ability to request or the Court's ability to schedule or hold a settlement conference.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**