IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL CASTANEDA,

      Plaintiff,

v.                                    No. CIV 14-0103 RB/LAM

THE CITY OF ALBUQUERQUE,
RAY SCHULTZ, former Chief of Police,
SERGEANT DONNY KEITH, Albuquerque
Police Officer and D. HENSLEY, Albuquerque
Police Officer,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Defendant Hensley's Partially Opposed Motion to Extend Dispositive Motions Deadline filed on May 6, 2016. (Doc. 94.) Defendant asks the Court to extend the dispositive motions deadline in order to re-address issues that Defendant did not fully brief in his first motion for summary judgment.

      Dispositive motions were due on August 14, 2015.[1] (Doc. 42.) Defendant filed his motion for summary judgment on that day. (Doc. 62.) The Court filed a Memorandum Opinion and Order granting Defendant's motion in part on February 4, 2016. (Doc. 89.) Now, nine months after the dispositive motions deadline, Defendant seeks to file a second motion for summary judgment. (*See* Doc. 94.) The Court is sympathetic to the fact that Defendant's counsel entered his appearance in

---

[1] The parties received two extensions on the pretrial motion deadline. Pretrial motions were originally due on November 24, 2014. (Doc. 14.) The Court extended the deadline to December 2, 2014, on the unopposed request of the Plaintiff, again to June 15, 2015, on the unopposed request of the Defendants (*see* Docs. 32, 33), and finally to August 14, 2015, on the unopposed request of the Defendants (*see* Docs. 41, 42). The Court notes that the Defendants' final motion to extend deadlines mentioned the fact that counsel for Defendants was retiring. (Doc. 41 ¶ 2.)

the case shortly before the 2015 dispositive motions deadline. (*See id.* ¶¶ 2–3.) The Court would have been more sympathetic to a request for an extension prior to the running of the deadline.

It is true, as Defendant points out, that the Court declined to rule on two of Plaintiff's state law claims because they were not adequately briefed. (*See* Doc. 89 at 42–43, 45–46; *see also* Doc. 94 ¶¶ 5–6.) Denying a motion due to briefing deficiencies, however, is not necessarily an invitation for additional rounds of briefing. The time for filing dispositive motions has passed, and the Court declines to re-open it. The Court denies Defendant's request for an extension and sets new deadlines so that the case may proceed in a timely fashion to trial. (*See* Doc. 93.)

**THEREFORE,**

**IT IS ORDERED** that Defendant Hensley's Partially Opposed Motion to Extend Dispositive Motions Deadline (Doc. 94) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall submit their Proposed Pretrial Order to the Court no later than August 25, 2016.

**IT IS FURTHER ORDERED** that the Initial Pretrial Conference is set for December 30, 2016, at 8:45 a.m. in the Guadalupe Courtroom (North Tower).[2]

**IT IS FURTHER ORDERED** that the Final Pretrial Conference is set for January 27, 2017, at 8:45 a.m. in the Guadalupe Courtroom (North Tower).

**IT IS FURTHER ORDERED** that Jury Selection and Jury Trial are set for February 27–March 1, 2017, in the Guadalupe Courtroom (North Tower).

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE

---

[2] Counsel may appear telephonically for all Pretrial Conferences by calling Judge Brack's "meet me" line a few minutes before the time scheduled. Should you choose this conference method, please contact chambers.